# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3068**

**September Term, 2021**

**1:21-cr-00386-TNM-2**

**Filed On:** January 24, 2022

United States of America,

        Appellee

    v.

Pauline Bauer,

        Appellant

------------------------------

Consolidated with 21-3082

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Wilkins, Rao, and Jackson, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's September 17, 2021 oral order revoking appellant's pretrial release and ordering her detained and the district court's September 24, 2021 oral order denying appellant's first motion for reconsideration be affirmed. The district court did not err in revoking appellant's pretrial release and ordering her detained based on its findings that clear and convincing evidence showed that appellant had violated two conditions of her pretrial release, see 18 U.S.C. § 3148(b)(1)(B), and that she was unlikely to abide by any condition or combination of conditions of release, see id. § 3148(b)(2)(B).

Appellant's arguments against detention are unavailing. First, appellant argues that the underlying conditions of release she was found to have violated are invalid because they either were not the least restrictive conditions necessary to reasonably assure her appearance, see id. § 3142(c)(1)(B), or were not adequately explained by

the district court, see id. § 3142(h)(1).  Even assuming appellant's challenges are timely and therefore properly before the court, we discern no error given appellant's repeated insistence that the district court lacked jurisdiction over her and the thorough explanation of the conditions provided by both the district court and the magistrate judge.

Second, appellant argues that detention pursuant to § 3148, absent prior findings authorizing detention in the first instance under § 3142, violates due process and the Eighth Amendment.  Appellant did not raise this argument in the district court.  Accordingly, our review is for plain error.  See Fed. R. Crim. P. 52(b); see also United States v. Sheffield, 832 F.3d 296, 311 (D.C. Cir. 2016).  Appellant cannot show plain error because neither this court nor the Supreme Court has addressed whether detention under § 3148 in such circumstances can violate the constitution.  See United States v. Olano, 507 U.S. 725, 734 (1993) ("A court of appeals cannot correct an error . . . unless the error is clear under *current* law." (emphasis added)); United States v. Brown, 892 F.3d 385, 393 (D.C. Cir. 2018).  It is

**FURTHER ORDERED AND ADJUDGED** that the appeal from the district court's November 15, 2021 order deferring consideration, pursuant to Federal Rule of Criminal Procedure 37(a)(1), of appellant's second motion for reconsideration be dismissed for lack of jurisdiction.  Appellant asserts no basis for this court's jurisdiction to review the order deferring consideration, and she does not address the order in her memorandum of law and fact.  In any event, the order is not appealable under 28 U.S.C. § 1291 or 18 U.S.C. § 3145, nor is it appealable under the collateral-order doctrine.  See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**


FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk